**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

TIMOTHY TOWNSEND, JR.,
      Plaintiff,

      v.

CASTILLO, et al.,
      Defendants.

No. 3:20-cv-1241 (SRU)

## RULING ON MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

Timothy Townsend, Jr., currently confined at Cheshire Correctional Institution

("Cheshire"), filed a motion for a temporary restraining order and preliminary injunction seeking

protection from another inmate.  He claims that he is at risk of being harmed by James Downing,

an inmate who at the time was housed at Cheshire and with whom he has an active separation

profile.  Because Downing has since been transferred to another facility, the motion is **denied as**

**moot**.

## I.      Standard of Review

Interim injunctive relief "is an extraordinary and drastic remedy, one that should not be

granted unless the movant, by a clear showing, carries the burden of persuasion." *Grand River*

*Enterprise Six Nations Ltd. v. Pryor*, 481 F.3d 60, 66 (2d Cir. 2007) (citation omitted).  To

prevail, the movant must demonstrate "that he is likely to succeed on the merits, that he is likely

to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in

his favor, and that an injunction is in the public interest." *Glossip v. Gross*, 576 U.S. 863, 876

(2015) (citation omitted).  Critically, to demonstrate irreparable harm, the movant must establish

"an injury that is neither remote nor speculative, but actual and imminent" and "that cannot be

remedied by an award of monetary damages." *Shapiro v. Cadman Towers, Inc.*, 51 F.3d 328, 332 (2d Cir. 1995) (citation omitted).

Although an evidentiary hearing is generally required on a motion for a preliminary injunction, where, as here, there are no factual disputes that need to be resolved, oral argument and testimony are not required. *See Charette v. Town of Oyster Bay*, 159 F.3d 749, 755 (2d Cir. 1998) ("An evidentiary hearing is not required when the relevant facts either are not in dispute or have been clearly demonstrated at prior stages of the case.").

## II.    Discussion

According to Townsend's declaration, Townsend was transferred to Cheshire on January 23, 2020. *See* Decl. in Support of Mot., Doc. No. 4-1, at ¶ 4. Two months later, on March 20, 2020, he discovered that James Downing, an inmate with whom he has a separation profile, was also housed at Cheshire; that separation profile stemmed from a violent fight between Townsend and Downing that occurred on November 12, 2005. *Id*. at ¶¶ 2–4.

In June 2020, while at Cheshire, Townsend had to run away from Downing to prevent a violent altercation. *See id*. at ¶¶ 8, 18. Townsend states that he informed several correctional officers of the issue, to no avail, and maintains that he is in imminent danger of being attacked by Downing if he is not transferred out of Cheshire. *See id*. at ¶¶ 5, 6; Mem. in Support of Mot., Doc. No. 4-1, at 1–2.

The defendants respond that the motion should be denied as moot because Downing has since been transferred to another correctional facility. *See* Opp. to Mot., Doc. No. 15, at 4–5. Appended to their response is a declaration from David Maiga, the director of the Department of Corrections' Office of Classification and Population Management, which affirms that Downing was transferred out of Cheshire on September 10, 2020, and provides that there are no plans to

return Downing to Cheshire or to another facility where Townsend is located.  *See* Decl., Doc.

No. 15-1, ¶¶ 4–5.  Because the defendants have provided the relief Townsend seeks—protection

from Downing—I agree that Townsend's motion is now moot.  *See Martin-Trigona v. Shiff*, 702

F.2d 380, 386 (2d Cir. 1983) ("The hallmark of a moot case or controversy is that the relief

sought can no longer be given or is no longer needed.").  For that same reason, I conclude that

Townsend has also failed to carry his burden of showing that he will suffer irreparable harm in

the absence of preliminary relief.

       In his reply, Townsend counters that injunctive relief is still warranted because he is

likely to be housed with other prisoners with whom he has separation profiles.  *See* Reply, Doc.

No. 24, at 2–3.  He elaborates that, from March 13, 2019 through March 19, 2019, he was

repeatedly transferred to facilities where other prisoners with whom he has separation profiles

were confined and the defendants fraudulently concealed that they had violated those separation

profiles.  *See id*. at 3; *see also* Doc. No. 4-2, at ¶ 15.  He contends that the defendants are likely

to repeat those actions.  *See* Doc. No. 24, at 3.  He also suggests that he might be attacked by

Downing's friends.  *See id.*

       Those assertions, however, do not rise to the level of a "clear showing" that Townsend is

likely to suffer irreparable harm in the absence of the injunction.  *See Grand River Enterprise Six

Nations Ltd.*, 481 F.3d at 66.  That is, he has not sufficiently demonstrated that Downing's

friends or the other prisoners with whom he has separation profiles are likely to inflict imminent

harm on him.  And as the Supreme Court has repeatedly instructed, "plaintiffs seeking

preliminary relief [must] demonstrate that irreparable injury is *likely* in the absence of an

injunction."  *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008) (emphasis in

original) (also noting that "[i]ssuing a preliminary injunction based only on a possibility of

irreparable harm is inconsistent with our characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief"). Because Townsend's claims are speculative at this point, I cannot award the preliminary injunctive relief that he seeks.

To the extent Townsend argues that his request for separation from Downing is not moot because he and Downing are likely to be housed together again in the future, I am not persuaded. As Townsend notes, "an otherwise moot case may still be justiciable if the underlying dispute is capable of repetition, yet evading review." *See Presnick v. Bysiewicz*, 297 F. Supp. 2d 431, 434 (D. Conn. 2003) (quoting *Knaust v. City of Kingston*, 157 F.3d 86, 88 (2d Cir.1998)) (quotation marks omitted). In the absence of a class action, a controversy is "capable of repetition, yet evading review" when both of the following two elements are met: "(1) the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there was a reasonable expectation that the same complaining party would be subjected to the same action again." *Id.* (quoting *Weinstein v. Bradford*, 423 U.S. 147, 149 (1975) (per curiam)). That exception applies only in "exceptional circumstances." *Dennin v. Connecticut Interscholastic Athletic Conference, Inc.,* 94 F.3d 96, 101 (2d Cir. 1996).

Regardless of whether the first requirement is met, Townsend's argument fails because he has not satisfied the second requirement. As noted, Director Maiga has affirmed that there are no current plans to transfer Downing to a facility where Townsend is located. In light of that affirmation, the fact that Townsend was previously transferred to locations where other prisoners with whom he has separation profiles were housed, or that the defendants did not act on

Townsend's complaints until he filed this action, does not establish a "reasonable expectation" that he will be again placed in the same facility as Downing.[1]

### III.    Conclusion

For all the foregoing reasons, Townsend's motion for a temporary restraining order and preliminary injunction (doc. no. 4) is **denied as moot.**

So ordered.

Dated at Bridgeport, Connecticut, this 18th day of October 2020.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge

---

[1] Of course, should Townsend later find himself sharing a prison facility with Downing, he is welcome to file another motion.